[Cite as *State ex rel. Heller v. Warden of Corr. Ctr. of NW Ohio*, 2026-Ohio-2117.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

STATE EX REL. AMANDA HELLER      COURT OF APPEALS NO. {48}L-26-00143

     RELATOR

V.

WARDEN OF CORRECTIONS
CENTER OF NORTHWEST OHIO

     RESPONDENT

**DECISION AND JUDGMENT**

Decided: June 5, 2026

* * * * *

Kati E. Tharp, for relator.

* * * * *

**SULEK, J.**

{¶ 1} This matter is before the court on the petition of relator Amanda Heller requesting the issuance of a writ of habeas corpus.

{¶ 2} The facts taken from Heller's complaint are that on April 26, 2026, she was charged by complaint with one count of felonious assault. She appeared the next day before the Bryan Municipal Court, which set bond at $100,000, no ten percent allowed.

She was further ordered to have no contact with the alleged victim. The case was then bound over to the Williams County Court of Common Pleas.

{¶ 3} Heller posted the bond on April 27, 2026. Upon her release, she obtained employment at the Lake Shake in Fremont, Indiana, and at the Farm House in Camden, Michigan. Both locations are within a ten-minute drive from her home.

{¶ 4} Stemming from the same incident, on May 21, 2026, the Williams County Grand Jury indicted Heller on one count of aggravated murder with a firearm specification, one count of aggravated burglary with a firearm specification, one count of domestic violence, and one count of discharging a firearm into a habitation with a firearm specification. Upon being notified of the charges, Heller turned herself in to the authorities.

{¶ 5} At her arraignment, the trial court expressed concern about Heller working outside of the state. It set her bail at $500,000 cash or surety and ordered her not to leave Ohio without the prior approval of the court. Heller has not posted the $500,000 bond. She is currently being held in the Corrections Center of Northwest Ohio located in Stryker, Williams County, Ohio.

{¶ 6} Heller now seeks a writ of habeas corpus on the grounds that her bail is excessive. Despite being held in Williams County, however, Heller filed her petition in Lucas County. Because of that, this court lacks jurisdiction to determine her petition.

2.

{¶ 7} R.C. 2725.03 provides,

If a person restrained of [her] liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for [her] production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.

{¶ 8} In *Brown v. Hall*, 2009-Ohio-5592, the Supreme Court of Ohio reversed the judgment of the court of appeals and remanded the matter for it to be dismissed for lack of jurisdiction. In that case, Brown was incarcerated in Richland County but filed his habeas petition in Stark County. The Ohio Supreme Court held that "[e]ven though Brown's petition reached the same district court of appeals it would have had it been filed in the correct county, the court of appeals still lacked jurisdiction to determine the merits of Brown's petition." *Brown* at ¶ 1, citing *Goudlock v. Voorhies*, 2008-Ohio-4787, ¶ 17.

{¶ 9} Here, like *Brown*, even though Heller's petition reached this court as it would have if she had filed the petition in Williams County, because she instead filed it in a county in which she is not incarcerated, this court lacks jurisdiction.

{¶ 10} Accordingly, upon due consideration, Heller's petition for a writ of habeas corpus is dismissed for lack of jurisdiction. Any costs associated with this action are assessed to Heller.

3.

{¶ 11} The clerk is directed to serve upon all parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

Writ dismissed.

Gene A. Zmuda, J.                                          _____
                                                           JUDGE

Myron C. Duhart, J.

                                         _____
Charles E. Sulek, J.                                             JUDGE
CONCUR.

                                         _____
                                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.